WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. 20-08690MJ-002-TUC-JR |
| Plaintiff, | **ORDER** |
| v. | |
| Gerardo Villalobos, | |
| Defendant. | |

Pending before the Court is Defendant Gerardo Villalobos's Motion for Review of Magistrate's Order Denying Release. (Doc. 15.) Defendant, who is currently in custody, appeals Magistrate Judge Bruce G. Macdonald's April 23, 2020 order of detention. (Doc. 13.) The Government opposes Defendant's release. (Doc. 26.) The Court, having conducted de novo review of the record, will affirm the order of detention.

The Defendant is charged with conspiracy to possess with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii)(II). (Docs. 1, 26.) This count carries a mandatory minimum sentence of 10 years in prison and a maximum sentence of life. (Doc. 26.) The complaint details the allegations that Defendant was involved in a conspiracy to make several multiple-kilogram deliveries on April 15, 2020. (*Id.* at 1-2.) Investigative agents were conducting surveillance on Defendant when they observed him meeting with co-defendant Lara-Hoyos and

exchanging multiple rectangular packages. (*Id*.) During a subsequent traffic stop of Defendant, a consent search of his vehicle revealed five approximately one-kilogram packages of cocaine. (*Id*. at 2.) In an interview with agents, Defendant admitted that he coordinated the April 15, 2020 cocaine transaction with co-defendant Beltran. (*Id*.) He also admitted to working with co-defendant Beltran on prior drug and firearms trafficking. (*Id*.)

A detention hearing was held before Magistrate Judge Bruce G. Macdonald on April 22, 2020. (Doc. 12.) At the detention hearing, the Government sought a dangerousness finding as to Defendant and called Detective Fabian Pacheco to testify regarding Defendant's dangerousness. (Doc. 21 at 10.) Detective Pacheco was involved in the investigation of Defendant and Co-Defendants Beltran and Lara-Hoyos. (*Id*.) Detective Pacheco testified that, during the surveillance of Defendants, agents observed Defendant Villalobos participate in a delivery of AK-47 assault rifles on December 4, 2019. (*Id*. at 18-20.) Detective Pacheco further testified about intercepted wire communications between Defendants Villalobos and Beltran on January 23, 2020 in which Villalobos discussed purchasing a gun to transport to Mexico, and additional communications between December 7 and December 10, 2019, in which Villalobos and Beltran discussed a cocaine transaction during which Villalobos carried a firearm. (*Id*. at 63-65.) Defendant Villalobos later admitted to doing this. (*Id*. at 65.)

At the detention hearing, the Government argued that Defendant posed a flight risk and a danger to the community for the following reasons: (1) he has ties to Mexico; (2) he admitted to carrying a firearm during the April 15, 2020 drug transaction; (3) he was surveilled delivering AK-47 rifles on December 4, 2019, apparently as part of a scheme to transport them to Mexico; (4) he admitted to "several years" of involvement in drug and firearms trafficking and money laundering activity with Co-Defendant Beltran; (5) he used a company vehicle, belonging to his employer, for the alleged criminal activities; and (6) the Pretrial Services Report indicates that he was arrested in 2016 on "what appears to be a marijuana trafficking event." (*Id*. at 49-51.) The Government further argued that, as all of Defendant's alleged criminal activity took place while he

was residing in, employed in, and maintaining family relationships in Tucson, there was no condition or combination of conditions that would reasonably mitigate Defendant's flight risk or the danger he poses to the community. (*Id.* at 51.)

Defendant argued at the detention hearing that he should be released because (1) he is gainfully employed; (2) the prosecution of the 2016 arrest was dismissed; (3) he has no prior convictions and no weapons possession prohibitions; (4) Pretrial Services recommended conditions that would ensure Defendant's appearance and the safety of the community; and (5) Defendant's wife is willing to provide a bond and serve as a third-party custodian. (*Id.* at 53-54.) Defendant argued that he overcame the presumption of detention associated with the crime for which he was charged. (*Id.* at 54.)

At the conclusion of the hearing, Magistrate Judge Macdonald found that the Government had shown by a preponderance of the evidence that Defendant posed a flight risk and had shown by clear and convincing evidence that Defendant was dangerous. (*Id.* at 76-77.) The Magistrate Judge additionally found that Defendant had not overcome the rebuttable presumption of detention associated with the charge he faces. (*Id.*) Based upon finding a risk of non-appearance and danger to the community, Magistrate Judge Macdonald ordered Defendant detained. (*Id.* at 77, Doc. 13.)

On appeal, Defendant argues that there are conditions of release that can reasonably assure his appearance and the safety of the community. (Doc. 15 at 3.) Defendant contends that (1) he can be released to his wife as a third-party custodian; (2) he can reside in his marital home where he has resided for the past three years; (3) he has multiple employment options available to him upon release; and (4) a signature bond in the amount of at least $10,000 can be posted. (*Id.*) Defendant contends that the factors considered pursuant to 18 U.S.C. § 3142(g) of the Bail Reform Act do not indicate that he would likely not appear for Court, and he argues that there are conditions of release that will reasonably assure his future appearances. (*Id.* at 4.) Defendant offers letters of support from the presidents of Alpha Roofing Company and Tucson 4x4 Landscaping, LLC, which state that he would be offered employment if released. (Doc. 15-1.) Defendant also offers a letter of support from his former supervisor at Accurate.

Defendant's appeal does not explicitly address the Magistrate Judge's finding of Defendant's dangerousness.

The Government opposes Defendant's release. (Doc. 26.) The Government argues that, applying the 18 U.S.C. § 3142(g) factors to Defendant's case, each factor weighs in favor of affirming the detention order. (*Id*. at 5.) The Government argues that the fourth factor, the nature and seriousness of the danger to the community that would be posed by Defendant's release, weighs heavily in favor of detention due to Defendant's previous marijuana-related arrest in 2016, his admission that he had been involved in drug trafficking for several years, and the evidence presented at the detention hearing regarding Defendant's involvement with firearms trafficking. (*Id*. at 6.)

A defendant will be detained pending trial where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). In making an individualized detention determination, courts consider four factors: (1) the nature and circumstances of the offense; (2) the weight of the evidence; (3) the history and characteristics of the person, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (4) the nature and seriousness of the danger to the community that would be posed by the person's release. 18 U.S.C. § 3142(g); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986). Of these factors, the weight of the evidence is the least important. *Winsor*, 785 F.2d at 757. The United States must establish flight risk by a preponderance of the evidence. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

The government has the burden of showing dangerousness by clear and convincing evidence. *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991). The legislative history of the Bail Reform Act states that the concept of "safety be given a broader construction than merely danger of harm involving physical violence." S. Rep. No. 98-225, at 12 (1984), reprinted in 1984 U.S.C.C.A.N. 3182, 3195 (citing *United*

*States v. Provenzano*, 605 F.2d 85, 95-96 (3rd Cir. 1979)0. Drug trafficking can constitute a danger to other persons or the community. *See United States v. Strong*, 775 F.2d 504, 507 (3rd Cir. 1985); *see also United States v. Mesher*, 707 F. Supp. 1224, 1225 (D. Or. 1989).

If a judicial officer finds that there is probable cause to believe that a defendant has committed an offense calling for a maximum term of imprisonment of greater than 10 years under the Controlled Substances Act, then the Defendant is presumed to be detained pending trial and must rebut the presumption of detention. 18 U.S.C. § 3142(e)(3)(A). The rebuttable presumption shifts the burden of production to the defendant, but the burden of persuasion remains with the government. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). The presumption "remains in the case as an evidentiary finding militating against release, to be weighed with other evidence relevant to factors listed in § 3142(g)." *Id*.

Here, the charge against Defendant carries a rebuttable presumption of pretrial detention pursuant to 18 U.S.C. § 3142(e). The Defendant has produced evidence in the form of letters of support from community members to support his request for release. However, considering this evidence together with the Government's evidence and the 18 U.S.C. § 3142(g) factors, the Court finds that there is no condition or combinations of conditions that can reasonably assure Defendant's appearance and the safety of the community. First, the nature and circumstances of the offense, a drug trafficking offense that carries a mandatory minimum sentence of 10 years in prison, weighs in favor of detention. Second, the weight of the evidence against Defendant at this preliminary stage in the proceedings is significant and therefore weighs in favor of detention. Third, the history and characteristics of Defendant, including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, are neutral as to detention. Defendant has shown significant family and community ties and support as well as meaningful employment opportunities. The Pretrial Services Report indicates no

history of significant mental health or substance abuse issues. However, Defendant's criminal history reflects a prior arrest for drug trafficking, which concerns the Court given the nature of the instant offense. Fourth, the nature and seriousness of the danger to the community that would be posed by Defendant's release weighs in favor of detention.

While the letters of community support proffered by Defendant may reduce the risk that Defendant would not appear at future proceedings, Defendant has presented no evidence to counteract the evidence showing that Defendant poses a danger to the community as a result of his involvement in drug and firearms trafficking. The evidence presented at the April 22, 2020 detention hearing, including evidence of Defendant's involvement in firearms trafficking, indicates that Defendant poses a danger to the community. Therefore, the Court finds that the Government has carried its burden to establish dangerousness by clear and convincing evidence. Having conducted de novo review of the record, including the parties' briefing and the Pretrial Services report, and having considered the factors set forth in 18 U.S.C. § 3142(g), the Court finds that no condition or combination of conditions exists that will reasonably assure Defendant's appearance at future proceedings and the safety of the community.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Review of Magistrate's Order Denying Release (Doc. 15) is **denied**.  Magistrate Judge Bruce G. Macdonald's order of detention (Doc. 13) is **affirmed**.

Dated this 13th day of May, 2020.

_____
Honorable Rosemary Márquez
United States District Judge